**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| PATRICIA F. MAYNOR, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-13018-MGL |
| | § | |
| ARMED FORCES INSURANCE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Patricia Maynor brought this suit against Defendant Armed Forces Insurance (AFI) in the Sumter County Court of Common Pleas, and AFI removed the case to this Court. She asserts AFI breached their insurance contract and did so in bad faith. Complaint ¶¶ 35-38, 41-44. She also seeks a declaratory judgment "finding that the damage to the Subject Property was covered under the Policy," as well as finding AFI breached the contract in bad faith. *Id.* ¶¶ 29-31.

Pending before the Court is AFI's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Accepting the facts alleged in Maynor's complaint as true, she had a property insurance policy with AFI when a fire occurred at her insured residence on May 26, 2022. Complaint ¶¶ 7, 15. She filed a claim with AFI, and it "refused to pay out all total damages." Complaint ¶ 15. She then requested "the separate legal procedure of Appraisal on May 30, 2024." Complaint ¶ 16.

Ultimately, on January 3, 2025, the Appraisal "awarded" Plaintiff "Replacement Cost Value of $283,255.56 and an Actual Cash Value of $232,606.85." Complaint ¶ 17. Nonetheless, "months went by and Armed Forces Insurance delayed the claim and failed to make the appropriate payment." Complaint ¶ 20. On April 17, 2025, AFI "sent a Reservation of Rights Letter . . . requesting additional information to assist in the ongoing investigation of the claim." Complaint ¶ 22. AFI still "has neither denied nor paid Plaintiff's claim." Complaint ¶ 24. Maynor also alleges in the Complaint she "complied with all conditions precedent required under the Policy." Complaint ¶ 34.

Maynor subsequently filed this lawsuit in Sumter County on September 8, 2025, which, as noted, AFI removed to this Court. AFI then filed its motion to dismiss. Maynor filed a response in opposition, to which AFI filed a reply.

## III. LEGAL STANDARD

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244.

## IV. DISCUSSION AND ANALYSIS

### *A. Whether Maynor's Claims are Timely*

AFI argues the applicable statute of limitations bars Maynor's claims. Motion at 7-8. It relies on S.C. Code Ann. § 15-3-530(8), which provides the claim must be brought within three years for "an action on any policy of insurance . . . or for or on account of any loss arising under the policy." Motion at 7-8.

Generally, an affirmative defense—such as a statute of limitations—is insufficient to justify dismissal at the 12(b)(6) stage. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (stating it is only under "relatively rare circumstances" that a statute of limitations defense "may be reached by a motion to dismiss filed under Rule 12(b)(6)"). Only "where facts sufficient to rule on an affirmative defense are alleged in the complaint" can dismissal be proper. *Id.*

Here, the Complaint alleges the fire occurred on May 26, 2022. The Complaint was filed more than three years later, on September 8, 2025. AFI argues the statute of limitations is therefore clearly applicable from the face of the complaint.

Maynor asserts her claims are nonetheless timely for three reasons, only one of which is necessary to address now. She argues equitable tolling should apply to Maynor given she is 75 years old, has dementia, and she relied on numerous statements from AFI which caused her to delay pursuing her case in court. Response at 2-4.

"Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." *Kleckley v. Nw. Nat. Cas. Co.*, 526 S.E.2d 218, 220 (S.C. 2000) (citing *Black v. Lexington Sch. Dist. No. 2*, 488 S.E.2d 327, 330 (S.C. 1997)). "Such inducement may consist of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary." *Kleckley*, 526 S.E.2d at 220 (citing *Black*, 488 S.E.2d at 330).

Maynor represents that throughout the appraisal process and after AFI sent her the reservation of rights letter on March 31, 2025, she "still believed Armed Forces Insurance was going to live up to their end of the bargain." Response at 3. She continues, "A reasonable person could view Armed Forces Insurance's conduct as an attempt to delay paying the remainder of the claim until 3 years had run from the incident date." Response at 3.

"[W]hether a defendant is estopped from claiming the statute of limitations is ordinarily a question of fact," *Black*, 488 S.E.2d at 330, and AFI has failed to demonstrate the statute of limitations is definitively applicable as is necessary for it to prevail on its motion to dismiss. *See Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) ("A court may grant a 12(b)(6) motion on statute of limitations grounds only 'if the time bar is apparent on the face of the complaint.'" (quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005))). The Court will therefore decline to dismiss Maynor's claims on this ground.

AFI also asserts the suit is untimely because the policy itself provides actions must be "started within three years after the date of loss." Motion at 8. Because the statute specifically sets the limitation period "notwithstanding" "any clause, condition, or limitation contained within the policy," the Court disagrees. § 15-3-530(8). If the complaint is—or at least plausibly could be—timely under the statute, the policy is unable to provide otherwise.

The cases on which AFI relies are inapposite. The first concerned a different statute. *See Philadelphia Life Ins. Co. of Philadelphia, Pa. v. Arnold*, 81 S.E. 964 (S.C. 1913) (considering a statute which barred the insurer, in certain circumstances, from "alleg[ing] that the insured made false representations"). The second did state a general rule allowing shorter limitations periods by contract, but it fails to discuss the statutory provision invalidating shorter periods in subsection 15-3-530(8). *See Bass v. Standard Acc. Ins. Co. of Detroit, Mich.*, 70 F.2d 86, 87 (4th Cir. 1934). The third states the same general rule, but it considered a contract for the delivery of goods and therefore, again, fails to discuss subsection (8). *See Armour & Co. Aktieselskab v. Gjeruldsen*, 15 F.2d 553 (4th Cir. 1926). As these cases are unavailing, the Court will reject the argument.

The Court also notes AFI, throughout its filings, consistently omitted the portion of subsection 15-3-530(8) expressly invalidating shorter limitations periods in insurance policies. This language obviously refutes its argument, and the deliberate omission when referring to other portions of the subsection is glaring. Further, as alleged, AFI clearly engaged in express representations one would reasonably assume would lead to resolution of the claim—the appraisal process—which took substantial time and resulted in significant delay. Any suggestion Maynor's claims are time-barred as a matter of law is patently incorrect.

***B. Whether Maynor has Failed to State a Claim under Rule 12(b)(6) or to Comply with Rule 8(a)(2)***

AFI contends even if Maynor's claims are timely, "the Complaint nonetheless fails to allege sufficient factual grounds to support those claims." Motion at 11.

***1. Whether the Breach of Contract Claim Must be Dismissed***

AFI broadly argues Maynor failed to sufficiently allege a breach of contract action because she "offers only conclusory statements" and "fails to include any factual allegations identifying the amounts claimed." Motion at 15. She was, however, without any obligation to be more specific. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" (citation omitted)).

"The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962)). Here, Maynor alleged (1) the existence of a contract, i.e. the insurance policy; (2) breach by AFI, the failure to timely pay benefits owed under that policy, and (3) resulting damages, the missing benefits. That is sufficient.

AFI also raises several more specific arguments which can be addressed in turn. First, it contends various conditions precedent preclude Maynor's recovery. For example, it writes: "Nowhere in the Complaint does Plaintiff allege that she provided Defendant with proof of completed repairs or incurred replacement costs—conditions precedent to receiving Replacement Cost Value under the Policy." Motion at 15; *see also* Motion at 13-14 (addressing a condition precedent concerning the timing for repairs).

These arguments fail. The Rules of Civil Procedure expressly provide: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9. Maynor expressly alleged as such, Complaint ¶ 34, and therefore defeats the motion to dismiss on this ground. *See HHHunt Corp. v. Town of Lexington*, 699 S.E.2d 699, 704 (S.C. Ct. App. 2010) (stating it is generally "improper to examine the merits of a contractual defense, such as a condition precedent, in determining the sufficiency of the complaint's factual allegations to support a breach of contract cause of action").

Second, AFI argues at the least Maynor's demand for "Loss of Use benefits" under the policy must fail because she "was not residing at the Property and therefore did not incur any necessary increase in living expenses as a result of being displaced from the Property." Motion at 16. The Complaint, however, is silent as to her residence at the time of the fire and lacks a detailed explanation of her alleged increased living expenses. Thus, the Court is unable to conclude Maynor's breach of contract claim should be dismissed.

### *2. Whether the Bad Faith Claim Must be Dismissed*

As to Maynor's claim of bad faith, AFI argues, for example, "Conspicuously absent [from the Complaint] are any factual allegations demonstrating . . . how Defendant's request for additional information was unreasonable or otherwise improper." Motion at 15. Earlier in its motion, however, it identified what it describes as "the only factual support Plaintiff offers," Motion at 12, where Maynor alleges "months went by [following the Appraisal Award] and Armed Forces Insurance delayed the claim and failed to make appropriate payment." Complaint ¶ 20.

Even if this were the only factual support in the Complaint, it would be sufficient. Maynor alleges she and AFI went through a several-months-long appraisal process to determine the value

of her claim, she was given an award on the claim, and then seemingly without explanation AFI failed to comply with the award and pay her benefits the appraisal process determined were owed.

AFI also contends "any misconduct [which] could be inferred from the allegations" against it "would relate to Plaintiff's failure to provide proof of completed repairs or incurred replacement costs, prerequisites to receiving Replacement Cost Value under the Policy." Motion at 16. For the same reasons the Court declines to dismiss the breach of contract claim for Maynor's alleged failure to comply with conditions precedent in the policy, this argument too is premature.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court AFI's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Signed this 14th day of September, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE